UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:11-cr-69-jgm-1 |
| | : | |
| BRIAN HOSKINS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

ORDER
(Doc. 83)

I.     Introduction

Defendant Brian Hoskins filed a motion to correct his sentence under 28 U.S.C. § 2255. (Doc. 62.)  The government opposed the motion.  (Doc. 64.)  The motion was referred to Magistrate Judge Conroy, who, following an evidentiary hearing, issued a Report and Recommend-ation on April 28, 2016.  (Doc. 83.)  The government timely filed an objection to the Report and Recommendation.  (Doc. 84.)  In response, Hoskins filed motions to strike the objection, to disqualify government counsel, and for an extension of time to file a response regarding the Report and Recommendation.  (Docs. 86, 87.)  The government replied to the motions to strike and to disqualify, and moved for leave to file an oversize memorandum.  (Doc. 88.)  The Court granted in part and denied in part the motion to strike and to disqualify counsel, granted in part and denied in part the government's motion for leave to file an oversize memorandum, and granted Hoskins' motion for an extension.  (Doc. 89.)  The government's objection was refiled (Doc. 90) and Hoskins responded (Doc. 93).  For the reasons discussed below, after de novo review, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED.  See 28 U.S.C. § 636(b)(1).

Defendant Hoskins' motion to correct sentence under 28 U.S.C. § 2255 (Doc. 62) is GRANTED in part.

II.     Background

On January 11, 2012, Hoskins pleaded guilty to one count of knowingly and intentionally distributing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Dkt. Entry No. 42 (minute entry for change of plea hearing); see also Doc. 41 (Plea Agreement). On May 22, 2012, Hoskins was sentenced to a term of imprisonment of 112 months, followed by a five-year term of supervised release, under a binding plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C).  (Doc. 56 (Judgment); Dkt. Entry No. 55 (minute entry for sentencing hearing).)   Hoskins did not appeal.  Instead, on May 12, 2013, Hoskins challenged his 2002 Vermont state drug conviction.  (Doc. 62-2.)  On March 31, 2015, his petition was granted and his conviction vacated.  (Doc. 62-1.)  The State later dropped the charges.  See Doc. 62 at 3.

Here, in a § 2255 motion filed on December 14, 2015, Hoskins challenges his sentence because, based on a 2003 federal conviction and the 2002 Vermont state conviction, he qualified as a career offender and, since he was sentenced, his Vermont conviction was vacated.  (Doc. 62 at 1.) Accordingly, he asserts he no longer qualifies as a career offender and allowing his 112-month sentence to stand violates the laws of the United States, violates due process of law and results in a fundamental miscarriage of justice.  Id.  He asserts without the career offender status, his guideline range was 37-46 months' imprisonment, more than 100 months less than the enhanced guideline range of 151-188 months.  Id. at 1-2.

On April 28, 2016, following a contentious April 7 hearing, the Honorable John M. Conroy, United States Magistrate Judge, issued a Report and Recommendation ("R&R") responding to Hoskins' § 2255 motion.  (Doc. 83.)  The R&R recommends this Court find the motion timely under § 2255(f)(4), id. at 8-12, and cognizable under § 2255 even though he was sentenced under a Rule 11(c)(1)(C) plea agreement, id. at 12-18.  Judge Conroy concluded denial of collateral relief

2

would result in a miscarriage of justice and, accordingly, this Court should grant Hoskins' 28 U.S.C. § 2255 motion to correct his sentence.  Id. at 18-19.

The government filed a timely objection ("Objection") to the R&R's recommended grant of the § 2255 motion, raising the following issues: (1) the magistrate judge erred as a matter of law in recommending the claim be found cognizable under § 2255; (2) the magistrate judge erred as a matter of fact in recommending the claim be found cognizable under § 2255; and (3) the magistrate judge erred in recommending the § 2255 motion be found timely.  (Doc. 90.)

When a party objects to a magistrate judge's Report and Recommendation, the Court reviews the record de novo.  See 28 U.S.C. § 636(b)(1).  After review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id. Having reviewed the record de novo, and considered the government's objections, the Court affirms, approves, and adopts the R&R's recommendations that this Court find the § 2255 motion timely and cognizable.

III.    Discussion

Hoskins bears the burden of demonstrating he is entitled to relief.  28 U.S.C. § 2255 provides a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on one of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  As applicable here, a one-year statute of limitation applies, running from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(4).

A.     <u>Timeliness</u>

The government objects to the magistrate judge's conclusion Hoskins' § 2255 motion was timely.  <u>See</u> Doc. 90 at 23-24.  The Supreme Court has addressed the issue of "when the 1-year statute of limitations in 28 U.S.C. § 2255 . . . begins to run in a case of a prisoner's collateral attack on his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated."  <u>Johnson v. United States</u>, 544 U.S. 295, 298 (2005).  The Court held the vacatur of the state conviction was a "fact" triggering a new 1-year limitations period under 28 U.S.C. § 2255(f)(4), but a petitioner may only take advantage of the provision if he "sought [the vacatur] with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence."  <u>Id.</u> at 302.

Here, the vacatur of the state court conviction occurred in March 2015 and Hoskins filed his § 2255 motion in December 2015, within one year of the vacatur.  The government asserts Hoskins motion is nonetheless untimely because he did not act with due diligence in waiting "nearly two years–from 2011 to 2013–before filing his challenge in State court."  (Doc. 90 at 23.)  The Court rejects this argument and objection to the R&R because this is an inaccurate application of <u>Johnson</u> which requires due diligence from the date of judgment in the federal case, not from the date the federal case was initiated.  Here, Hoskins was sentenced in May 2012.  He was moved through four correctional facilities before arriving at his designated facility, where he began working on his state court motion filed on May 12, 2013.  (Doc. 79-1.)  The Court accepts and adopts the finding of the R&R that while a delay of 11½ months "approaches the outer limit" of due diligence, it was a reasonable delay under the circumstances and, accordingly, the motion is timely under 28 U.S.C. § 2255(f)(4) and <u>Johnson</u>.  <u>See Johnson</u>, 544 U.S. at 311 (concluding defendant not reasonably

diligent where he waited more than three years after the entry of judgment in the federal case to file a state petition).

      B.    <u>Cognizability</u>

      The government's initial argument asserting the magistrate judge erred in finding Hoskins' § 2255 motion cognizable is that miscalculations or misapplications of advisory Sentencing Guidelines ranges are not cognizable on 28 U.S.C. § 2255(a) review if not raised on direct appeal. <u>See</u> Doc. 90 at 7 (quoting <u>Graziano v. United States</u>, 83 F.3d 587, 590 (2d Cir. 1996)). While Hoskins did not file a direct appeal, the Court rejects this argument and objection to the R&R because this is an inaccurate characterization of Hoskins' claim. There is no dispute here that the Court's calculations were legally correct at the time of sentencing. The claim of error is that Hoskins is entitled to resentencing because a conviction upon which those calculations were based is no longer valid. <u>See</u> <u>Spencer v. United States</u>, 773 F.3d 1132, 1143 (11th Cir 2014) (distinguishing claim of legal error in application of the Guidelines from a claim where an underlying conviction was vacated: "Spencer's prior conviction has not been vacated, and that distinction matters").

      The second argument that the motion is not cognizable is because Hoskins did not receive a Guidelines sentence but was sentenced under a binding plea agreement under Rule 11(c)(1)(C).[1] Even under Rule 11(c)(1)(C), the Court is required to perform a Sentencing Guidelines calculation and justify any variance accepted under the parties' agreement. <u>See</u> Fed. R. Civ. P. 11(b)(1)(M) (noting "the court's obligation to calculate the applicable sentencing-guideline range and to consider

---

[1] The government seeks to import language from 18 U.S.C. § 3582(c) that courts have interpreted as barring a sentence modification under that statute if the case involved a Rule 11(c)(1)(C) agreement. (Doc. 90 at 15-18.) Section 3582(c) provides a court may modify a term of imprisonment if, inter alia, a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As that is not the case here, and Hoskins' motion is made under 28 U.S.C. § 2255, the Court declines the invitation.

that range").  Accordingly, the career offender calculation provided the framework for the Court's acceptance of the agreement:

> [T]he guidelines apply. . . . Enhanced penalties under the career offender provisions apply in this case. . . . [T]he defendant has at least two prior felony convictions for controlled substance offenses. . . . The Court . . . will accept the 11C1C agreement . . . [a]nd the reason I'm doing that in effect finding that the sentence is appropriate under 3553(a) and also is obviously outside the guidelines range, for justifiable reasons for the following reasons . . . the career offender category substantially increased his guidelines range.

(Doc. 58 at 13-14 (Sentencing Hr'g Tr.))  While it is true, as the government notes, that the Court found the agreement "appropriate" and "reasonable," (Doc. 90 at 15; see also Doc. 58 at 12-14), those findings were made in light of the career offender enhancement and the Court accepted the agreement because, as the Court noted, Hoskins was "facing a lot more time."  (Doc. 58 at 12.) There is no dispute Hoskins' career offender guidelines range was 151-188 months' imprisonment. As a result of the enhancement, his offense level was increased from 20 to 32 and his criminal history category was increased from IV to VI.  (Presentence Investigation Report ("PSR") at 5-6, 11.)  In the absence of the career offender enhancement, and with credit for acceptance of responsibility and entering a timely guilty plea, Hoskins' guidelines range would have been 37-46 months.  See PSR at 5-6, 11; U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2011); Doc. 64-3 at 2-3.  The magistrate judge determined this argument "elevates form over substance" (Doc. 83 at 13) and the Court agrees; accordingly, the Court rejects this argument and objection to the R&R.

The third argument that the motion is not cognizable is because the magistrate judge created a new legal rule expanding § 2255 review by probing the plea negotiations.  (Doc. 90 at 18-21.)  The Court rejects this objection to the R&R because, in light of the analysis of the government's second argument above, "probing" of the parties' plea negotiations is unnecessary.  The Court has not relied

on the parties' subjective intents and motivation.  The Court further notes, as Hoskins points out, it was the government that submitted the numerous emails revealing the partes' plea negotiations and invited the magistrate judge to review them.  See Doc. 93 at 11.  It also sought to put those emails directly before this Court on consideration of the R&R through an affidavit submitted in support of its initial objection.  See Docs. 84, 89.

Finally, the government objects to the R&R on the basis that the magistrate judge erred as a matter of fact in concluding the career offender enhancement was the dominant influence over the parties' plea negotiations and the offense conduct involved only 13.6 grams of cocaine base.  (Doc. 90 at 21-22 & n.7.)  The Court has already rejected the objection regarding the effect of the career offender enhancement on the acceptance of the plea agreement and resulting sentence.  Likewise, it is clear from the PSR, to which the government did not object, see Doc. 58, and the sentencing transcript that the amount of cocaine base involved in the offense to which Hoskins pleaded guilty under the Rule 11(c)(1)(C) agreement was between 11.2 grams and 16.8 grams--specifically 13.6 grams.  (PSR at 5-6; Doc. 58 at 13.)  The government's objection is rejected.

IV.   Conclusion

For the above reasons, after de novo review, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED.  See 28 U.S.C. § 636(b)(1).  Hoskins' motion to correct sentence under 28 U.S.C. § 2255 (Doc. 62) is GRANTED in part.  His 112-month sentence is vacated.

The magistrate judge also recommends the Court vacate the judgment of conviction and hold a new sentencing proceeding.  (Doc. 83 at 2.)  The government asserts the guilty plea is at issue here, in addition to the sentence.  (Doc. 90 at 13.)  Hoskins requests the Court "vacate his plea and sentence, and schedule a new sentencing hearing."  (Doc. 62 at 1, 7.)  In light of the

apparent agreement that the guilty plea is implicated by the granting of Hoskins' motion, the

parties shall file memoranda, on or before August 19, 2016, regarding the posture of the plea,

plea agreement and resentencing.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of August, 2016.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge

8